IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL ENRIQUE ROMERO GALINDEZ, #17931-069, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 21-cv-01045-JPG ) |
| FAISAL AHMED, K. SCHNEIDER, and F.B.O.P., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Angel Enrique Romero Galindez is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is currently confined at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville). He brings this action for violations of his constitutional rights by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). In the Complaint, Plaintiff claims the defendants refused to replace a metal rod and screw in his left leg after the hardware failed, causing him to suffer from "extreme" pain as a result. (*Id*. at 4-5). He seeks money damages and an order requiring the defendants to carry out their duties.[1] (*Id*. at 6).

Plaintiff previously filed the same Complaint in this District a year ago, and it was dismissed without prejudice, based on his failure to exhaust administrative remedies before bringing suit. *Galindez v. Ahmed, et al.*, Case No. 20-cv-00655-JPG (S.D. Ill.). Along with the

---

[1] The Court construes this request as one for injunctive relief at the close of the case. However, Plaintiff may file a motion for a temporary restraining order ("TRO") and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65 if he requires interim relief during the pending action. In the motion, he should describe the exact relief he needs and the facts that support his request for relief.

1

Complaint, Plaintiff has now included evidence of his efforts to exhaust all of his available administrative remedies. (Doc. 1, pp. 1-20).

Accordingly, the Complaint is again subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 4-5, 9-18): Plaintiff underwent surgery twenty-six years ago to treat an injury to his left leg. A metal rod and screw were placed in his left leg. His body has since rejected the hardware. When he attempts to walk, Plaintiff can feel the metal rod rubbing against his bone, and every step causes "extreme" pain.

He has requested medical treatment for this condition. He submitted numerous treatment requests in February, April, and June 2020. He was seen once in February 2020. At the appointment, Plaintiff requested and received an x-ray. He was also prescribed duloxetine capsules for pain. However, the medication did not ease his pain and caused respiratory problems, nausea, and vomiting. (*Id.*). In June, he saw P.A. Schneider, who disregarded his requests for treatment as being "impossible" to address. (*Id.* at 5, 9-18). Dr. Ahmed ignored Plaintiff's request for a referral to a specialist for further evaluation and treatment. (*Id.* at 9-18).

Based on the allegations, the Court finds it convenient to designate the following claim in the *pro se* Complaint:

>**Count 1:** Eighth Amendment claim against Defendants for denying Plaintiff adequate medical care for his left leg injury at FCI-Greenville beginning in 2020.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under** *Twombly*.[2]

### Discussion

Plaintiff brings this claim against FCI-Greenville medical staff (Dr. Ahmed and P.A. Schneider) and the Federal Bureau of Prisons pursuant to *Bivens*. He may pursue his constitutional claim against the individual federal officers (*i.e.*, Dr. Ahmed and P.A. Schneider). *See Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978) (recognizing an implied damages remedy for constitutional claims of deliberate indifference to a serious medical condition under the Eighth Amendment against federal agents). However, he cannot proceed against the federal agency (*i.e.*, the BOP). *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) (declining to extend *Bivens* remedy beyond individual federal officers to employer). Count 1 shall receive further review against Faisal Ahmed and K. Schneider, but this claim shall be dismissed with prejudice against the BOP.

### Pending Motion

Plaintiff's Motion for Attorney Representation (Doc. 3) is **DENIED without prejudice**. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel). An indigent plaintiff seeking representation by court-recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. Plaintiff has not satisfied these requirements. He has not demonstrated any efforts to locate counsel. In addition, he has identified no barriers to self-representation that prevent him from litigating this matter on his own, other than difficulties with

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

the English language.  However, he offers no description of these limitations, and he has prepared coherent complaints, motions, and pleadings in this action and his prior action.  For now, the motion is denied.  However, Plaintiff may renew his request for representation as the case proceeds, if he is unable to find an attorney and feels that he requires one to litigate this matter.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening.  **COUNT 1** will proceed against Defendants **AHMED** and **SCHNEIDER**.  However, **COUNT 1** is **DISMISSED** with prejudice against Defendant **FEDERAL BUREAU OF PRISONS**.

**The Clerk of Court is DIRECTED to TERMINATE Defendant FEDERAL BUREAU OF PRISONS as a party in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Further, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **FAISAL AHMED** and **K. SCHNEIDER**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve Defendants **FAISAL AHMED** and **K. SCHNEIDER** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.  Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."  All costs of

service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 8/26/2021**

s/J Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.