IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL ENRIQUE ROMERO GALINDEZ, #17931-069,  Plaintiff,  vs.  FAISAL AHMED and K. SCHNEIDER,  Defendants. | )  )  )  )  )  )  )  )  )  )  )  )  )  Case No. 21-cv-01045-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court on a motion for summary judgment on the merits by Defendants Faisal Ahmed and K. Schneider on December 15, 2021. (Doc. 30). Defendants filed the motion less than ten days after answering the complaint and just a week after discovery on the merits opened. (*See* Docs. 23 and 25). The motion shall be dismissed without prejudice as premature.

### BACKGROUND

Plaintiff Angel Enrique Romero Galindez, an inmate in the custody of the Federal Bureau of Prisons (BOP) and currently confined at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), filed this action for constitutional deprivations by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). In the Complaint, Galindez claims the defendants caused him to suffer from extreme pain when they denied his request for surgery to replace failed hardware in his left leg. (*Id*. at 4-5). He requested monetary and injunctive relief. (*Id*. at 6).

1

The Court screened the complaint and allowed Galindez to proceed with an Eighth Amendment claim against Defendants for denying him adequate medical care for his left leg injury at FCI-Greenville beginning in 2020. (Doc. 6). Galindez filed virtually the same complaint a year earlier in *Galindez v. Ahmed, et al.*, Case No. 20-cv-00655-JPG (S.D. Ill.) ("prior action"). Although the complaint survived screening on the same claim, the prior action was dismissed without prejudice on summary judgment because Galindez did not exhaust his available administrative remedies before bringing suit. (Doc. 97, prior action). Before refiling his complaint in this case, Galindez exhausted his remedies, and Defendants did not raise his failure to exhaust as an affirmative defense in their answer on December 6, 2021. (Doc. 23).

On December 7, 2021, the Court entered a scheduling and discovery order setting forth instructions and deadlines for litigation. (Doc. 25). There, Galindez was given deadlines for disclosing basic information about the case, such as the names of persons with knowledge of the incident in question and a short description of their knowledge, a statement of injuries he suffered and relief he seeks, and a signed release for medical records (due **January 7, 2022**). Defendants were given a deadline for producing information about the case as well, including copies of incident reports, grievances, disciplinary tickets, counseling summaries, reports, medical records, and names of persons with knowledge of the incident (due **January 24, 2022**). Galindez was given time to file a motion seeking leave to amend the complaint (due **March 7, 2022**). *Id*. Significantly, the Court also opened discovery on the merits, and it set forth instructions and deadlines for written discovery, requests for production of documents, and depositions. *Id*. The Court also set a deadline for the close of all discovery (**October 7, 2022**) and for filing dispositive motions on the merits (**November 7, 2022**).

## MOTION FOR SUMMARY JUDGMENT

A week after the scheduling and discovery order was entered, Defendants filed for summary judgment on the merits on December 15, 2021.  (Doc. 30).  Citing Rule 56(b), Defendants point out that a party may seek summary judgment "at any time."  (Doc. 30, pp. 1-2). They assert that the issues in this case were "fully briefed" on summary judgment in the prior iteration of this lawsuit.  (*Id.*) (citing Doc. 52, prior action).  They also rely on testimony given at two preliminary injunction hearings in the prior action.  (*See* Docs. 37 and 93, prior action).

In their brief, Defendants provide a summary of Galindez's medical care that begins twenty-five years before he filed suit, when a bullet shattered his femur, and continue through September 2021, a month after Galindez filed this action.  This is after noting that Galindez's current complaint only "contains factual allegations that run through the summer of 2020" and "ignores the totality of the medical care that was provided during the timeframe and the 18 months since." (Doc. 30, p. 2 at n. 2).  Defendants summarize the "relevant medical treatment" in seven pages of their brief.  (*Id*. at 3-10).  Based on this summary, Defendants ask the Court to find that they were not deliberately indifferent to Galindez's medical needs because they exhausted pain management options and then referred him for surgery.  (*Id*. at 10).  Acting *pro se*, Galindez opposes summary judgment on the merits.  (Doc. 33).

## LEGAL STANDARD

Summary judgment is only proper "if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Dynegy Mktg. & Trade v. Multi Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) (citing FED. R. CIV. P. 56(a)) (internal quotation marks omitted).  A material fact is one that is outcome determinative under applicable law, and a genuine issue of material fact exists if "the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party seeking summary judgment bears the burden of demonstrating—based on the pleadings, affidavits, and other information submitted—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a proper motion for summary judgment is made, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (*quoting* FED. R. CIV. P. 56(e)(2)). A party can successfully oppose summary judgment by presenting definite, competent evidence to rebut it. *Szymanski v. Rite-Way Lawn Maintenance Co., Inc.*, 231 F.3d 360, 364 (7th Cir. 2000).

When presented with a summary judgment motion, the Court considers the facts in the light most favorable to the non-moving party. *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). All reasonable inferences and doubts are resolved in favor of the non-movant. *Id*. Even if the material facts are not in dispute, summary judgment is inappropriate when the information before the Court reveals that "alternate inferences can be drawn from the available evidence." *Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004), *abrogated on other grounds by Spiegla II*, 481 F.3d at 966 (7th Cir. 2007).

## DISCUSSION

Defendants' motion for summary judgment is premature. They filed it less than two weeks after filing an answer in this lawsuit and just one week after the scheduling order was entered. At that point, no discovery on the merits had taken place in this case. At the time the summary judgment motion was filed herein, none of the litigation deadlines had come to pass. This includes the deadlines for making initial disclosures, amending the complaint, and completing discovery.

There was insufficient time for the parties to exchange any information in this case before the defendants requested dismissal of the claim against them on the merits.

Defendants relied largely on the prior action to support their request for summary judgment. However, the prior action never reached merits discovery. The Court dismissed Galindez's case at summary judgement on exhaustion grounds and never addressed the merits of his claim. Although they requested summary judgment on the merits, Defendants made this motion before the Court even lifted the stay on merits discovery (which it never did because the case was dismissed). Moreover, their reliance on testimony at two preliminary injunction hearings is insufficient to support summary judgment on the merits in the present action. By Defendants' own admission, Galindez's case involves a broader timeframe and more medical treatment than he addressed in his complaints and at his hearings. To this end, Defendants attempt to set forth a more comprehensive statement of facts in their summary judgment briefing filed herein. This isn't fair to the *pro se* plaintiff, who has perhaps not even produced or obtained initial disclosures, served or received written discovery, or deposed any witnesses. Galindez has not had ample time or opportunity to gather information relevant to his claims. Defendants' motion for summary judgment is premature.

## DISPOSITION

**IT IS ORDERED** that Defendants Ahmed and Schneider's Motion for Summary Judgment (Doc. 30) is **DISMISSED** without prejudice as being premature. The Court will enter an amended scheduling order with new discovery and dispositive motion deadlines forthwith.

**IT IS SO ORDERED.**

**DATED: 9/23/2022**                             s/J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **United States District Judge**